IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:20-cv-00026

| | |
|---|---|
| JEFFREY PIASCIK, | ) |
|       Plaintiff, | ) |
| v. | ) |
| BIOMASS CONTROLS PBC a/k/a BIOMASS CONTROLS PBC CORP., a Delaware Corporation, BIOMASS CONTROLS, LLC, a Connecticut Limited Liability Company, JEFF HALLOWELL, and RICK WOJCIK, | ) **COMPLAINT** |
|       Defendants. | ) |

Plaintiff Jeffrey Piascik (hereinafter "Piascik") complains and alleges as follows:

## PARTIES

1. Plaintiff Jeffrey Piascik is a citizen and resident of Wake County, North Carolina.

2. Defendant Biomass Controls, LLC is a Connecticut Limited Liability Company with its registered office and principal place of business in Connecticut. It is licensed to conduct business and has conducted business in North Carolina. On or about December 17, 2019, Biomass Controls, LLC filed with the North Carolina Secretary of State an Application for Certificate of Withdrawal by Reason of Merger, Consolidation or Conversion, listing the surviving entity as Biomass Controls PBC, a Delaware Corporation. That document further provides that service of any process for legal action arising in the State of North Carolina may be served on Biomass Controls PBC at P.O. Box 109, Putnam, CT 06260.

3. On December 18, 2019, Biomass Controls PBC filed with the North Carolina Secretary of State an Application for Certificate of Authority requesting that, if the name

Biomass Controls PBC is unavailable for use in North Carolina, it wishes to use Biomass Controls PBC Corp. That document further lists the company's registered agent for service in North Carolina as Paracorp Incorporated and its registered office address as 176 Mine Lake Court #100, Raleigh, NC 27615.

4. Hereinafter, Biomass Controls, LLC, Biomass Controls PBC and Biomass Controls PBC Corp are collectively referred to as "Biomass."

5. Defendant Jeff Hallowell ("Hallowell") is the Chief Executive Officer of Biomass and, upon information and belief, a resident of Connecticut.

6. Defendant Rick Wojcik ("Wojcik") is the Executive Chairman for the Board of Directors of Biomass and, upon information and belief, a resident of Colorado.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

8. This Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(1) and N.C.G.S. § 1-75.4 because, without limitation: Defendants are engaged in substantial activity in North Carolina and this judicial district; this action arises out of injury to Piascik by acts or omissions of Defendants within North Carolina and this judicial district; this action arises out of injury to Piascik within North Carolina and this judicial district; this action arises out of Defendants' promise to pay Piascik for services to be performed in North Carolina and this judicial district; this action arises out of services performed by Piascik for Defendants in North Carolina and this judicial district and with the authorization of Defendants;

and the exercise of personal jurisdiction over Defendants is consistent with Federal due process and North Carolina law.

9. Venue is proper under 28 U.S.C. § 1391 in that a substantial part of the events and omissions giving rise to this action occurred within this judicial district.

## FACTS

10. Biomass is engaged in the business of patenting technology for biosolids waste treatment.

11. Defendant Hallowell, at all times relevant hereto, was Biomass' Chief Executive Officer and highest-ranking employee.

12. Defendant Wojcik, at all times relevant hereto, was Biomass' Executive Chairman of its Board of Directors.

13. Biomass and Piascik entered into a contract of employment ("The Employment Agreement") by which, effective January 1, 2018, Piascik became employed as Biomass' President.

14. Attached as Exhibit A is a true and correct copy of the Employment Agreement.

15. With regard to compensation, the Employment Agreement provides, "The Company shall pay to Employee for the services rendered hereunder a salary equivalent to $200,000.00 annually."

16. Section 3(s) of the Employment Agreement provides that Piascik's annual salary was subject to annual *increases*, as follows:

> **Allowance for Salary Increase (ASI)** Each year, the Company will conduct a rigorous review of its merit process to ensure it is externally competitive and internally equitable. The Company will conduct personnel evaluations on a quarterly basis where merit/promotion increases arise out of this evaluation annually, which are effective one year from Employee start date.

3

4813-4408-3633, v. 1

17. Nowhere in the Employment Agreement is there any express provision which references the potential for any decrease in salary below the $200,000 annual salary provided for therein.

18. Section 9(a) of the Employment Agreement provides that it, together with a Confidential Information and Non-Competition Agreement, is "the entire agreement of the parties with respect to the subject matter addressed herein and may not be amended, supplemented, canceled or discharged except by written instrument executed by both parties."

19. On April 12, 2019, Defendant Wojcik sent the email attached hereto as <u>Exhibit B</u> to Piascik, copying Defendant Hallowell. That email provided for a restructuring of Piascik's compensation, which included a decrease in his annual salary from $200,000 to $100,000

20. Defendants made the changes in compensation set forth in <u>Exhibit B</u> retroactive to January 1, 2019. Piascik's paychecks following his receipt of <u>Exhibit B</u> were either withheld entirely or decreased below the $100,000/year pay rate in order to reimburse Biomass for what Defendants characterized as an overpayment of Piascik's salary from January 1, 2019 through April 12, 2019.

21. The decision to reduce Piascik's annual salary as reflected in <u>Exhibit B</u> was made unilaterally by Defendants.

22. Piascik never agreed to a reduction in his annual salary to $100,000.

23. At no time have the parties ever executed any written instrument amending, supplementing, cancelling or discharging the terms of the Employment Agreement.

24. Piascik was involuntarily discharged from his position effective October 3, 2019.

25. Section 4 of the Employment Agreement provided that Piascik was entitled to 15 days of paid vacation per year. In 2018, Piascik took 8 hours of vacation. In 2019, he took 46

hours of vacation. As of the date of termination, Mr. Piascik had 74 hours of accrued, unused vacation time remaining for the year 2019 and 112 hours for 2018.

26. Upon his separation, Defendants owed Piascik for his accrued, unused vacation.

27. Defendants have not paid Piascik for his accrued, unused vacation.

28. Piascik has made demand on Defendants for payment of his unpaid wages, to no avail.

29. Since his separation, Biomass has made some periodic payments to Piascik; however, those payments have fallen far short of what Piascik is owed, and it is unclear exactly what they are meant to represent.

## FIRST CLAIM – BREACH OF CONTRACT
(Against Defendant Biomass)

30. The allegations contained in Paragraphs 1-29 are incorporated herein by reference.

31. Piascik and Biomass had a valid and enforceable contract with respect to the terms and conditions of Piascik's employment, and specifically with respect to his compensation.

32. Biomass has breached its contract with Piascik by unilaterally decreasing his salary in violation of the express contract terms and by otherwise failing to pay him all compensation owed.

33. Piascik has been damaged by reason of Biomass' breach of contract.

## SECOND CLAIM – NORTH CAROLINA WAGE AND HOUR ACT
(Against all Defendants)

34. The allegations in Paragraphs 1-33 are incorporated herein by reference.

35. At all times relevant hereto, Piascik was Biomass' employee, and Biomass was Piascik's employer within the meaning of the North Carolina Wage and Hour Act, N.C.G.S. § 95-25.1 *et seq.*

36. At all times relevant hereto, Piascik was Hallowell's employee and Hallowell was Piascik's employer within the meaning of the North Carolina Wage and Hour Act N.C.G.S. § 95-25.1 *et seq.*, as Hallowell acted in the interest of Biomass in relation to Piascik.

37. At all times relevant hereto, Piascik was Wojcik's employee and Wojcik was Piascik's employer within the meaning of the North Carolina Wage and Hour Act, N.C.G.S. § 95-25.1 *et seq.*, as Wojcik acted in the interest of Biomass in relation to Piascik.

38. Defendants' acts and omissions as set forth above constitute violations of the North Carolina Wage and Hour Act, including but not limited to the following provisions:

    a) § 95-25.6 requiring employers to pay every employee all wages due on the regular payday;

    b) § 95-25.7 requiring employers to pay separated employees all wages due on or before the next regular payday following separation;

    c) § 95-25.7A requiring employers to pay employees all wages not subject to dispute;

    d) § 95-25.8 prohibiting employers from withholding or diverting any portion of an employee's wages, except under certain conditions not applicable here; and

    e) Other provisions as may be shown at trial.

4813-4408-3633, v. 1

39. Due to Defendants' violations of the North Carolina Wage and Hour Act, Defendants are liable to Piascik for unpaid wages, interest, liquidated damages, and attorneys' fees pursuant to N.C.G.S. § 95-25.22.

### THIRD CLAIM – IN THE ALTERNATIVE, CONNECTICUT WAGE STATUTES
(Against all Defendants)

40. The allegations in Paragraphs 1-39 are incorporated herein by reference.

41. Upon information and belief, Defendants contend that they are not subject to the North Carolina Wage and Hour Act due to a choice of law provision in the Employment Agreement in favor of Connecticut Law. Should it be determined that Defendants are correct on this point, then they are nevertheless liable for violations of the Connecticut Wage Statutes.

42. At all times relevant hereto, Piascik was Biomass' employee, and Biomass was Piascik's employer within the meaning of the Connecticut Wage Statutes, Conn. Gen. Stat. § 31-58, *et seq.*

43. At all times relevant hereto, Piascik was Hallowell's employee, and Hallowell was Piascik's employer within the meaning of the Connecticut Wage Statutes, Conn. Gen. Stat. § 31-58, *et seq.*, as Hallowell acted in the interest of Biomass in relation to Piascik.

44. At all times relevant hereto, Piascik was Wojcik's employee, and Wojcik was Piascik's employer within the meaning of the Connecticut Wage Statutes, Conn. Gen. Stat. § 31-58, *et seq.*, as Wojcik acted in the interest of Biomass in relation to Piascik.

45. Defendants' acts and omissions as set forth above constitute violations of the Connecticut Wage Statutes, including but not limited to the following provisions:

   a) § 31-71b requiring employers to pay employees all wages, salary or other compensation due employees on a regular pay day;

    b)    § 31-71c requiring employers to pay discharged employees all wages due by the next business day following separation;

    c)    § 31-71d requiring employers to pay all wages not subject to dispute;

    d)    § 31-71e prohibiting employers from withholding or diverting any portion of an employee's wages except under certain conditions, which are not applicable here; and

    e)    Other provisions as may be shown at trial.

46. Due to Defendants' violations of the Connecticut Wage Statutes, Defendants are liable to Piascik for unpaid wages, double damages, costs, and attorneys' fees pursuant to Conn. Gen. Stat. § 31-72.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Piascik prays:

1. For judgment in his favor for all damages flowing from Biomass's breach of contract;

2. For judgment in his favor for unpaid wages, liquidated damages, attorneys' fees and interest pursuant to the North Carolina Wage and Hour Act;

3. In the alternative, for judgment in his favor for unpaid wages, liquidated damages, attorneys' fees and interest pursuant to the Connecticut Wage Statutes; and

4. All other relief which the Court may deem just and proper.

This, the 22nd day of January, 2020.

                          CRANFILL SUMNER & HARTZOG LLP

            By:    /s/ Benton L. Toups
                     BENTON L. TOUPS
                     N.C. State Bar No. 28910
                     101 N. 3rd Street, Suite 400
                     Wilmington, NC  28401
                     Telephone:  (910) 777-6000
                     Facsimile:  (910) 777-6111
                     E-mail:btoups@cshlaw.com
                     *Attorney for Plaintiff*